**ANDERSON, County Judge, et al. v. BACON et al.**

**No. 10682.**

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1940.

John R. Shook, W. Pat Camp, and T. H. Ridgeway, all of San Antonio, for appellants.

Egbert Schweppe and Leonard Brown, both of San Antonio, for appellees.

SMITH, Chief Justice.

This appeal is from a judgment of a District Court nullifying and setting aside an order of the Commissioners' Court of Bexar County redistricting justice precincts of said county.

The order assailed was entered in the minutes of the Commissioners' Court on March 10, 1939, and this suit was instituted and judgment rendered therein in the District Court shortly afterward. On August 18, 1939, after the appeal from said judgment to this Court had been perfected, and pending disposition thereof, the Commissioners' Court entered its order again redistricting the county into justice precincts, thereby nullifying or repealing the former order, in question in this appeal, and restoring the original status of the affected justice precincts.

In this situation appellees have filed and now present their motion to dismiss this appeal, on the ground that the questions raised herein have become moot. Obviously, the one question, of the validity of the order of March 10, 1939, was

indeed rendered moot by the order of August 18, 1939, leaving no live question for adjudication in this Court, or in the trial court either. Our duty is, therefore, not to dismiss the appeal from this Court, but the entire cause from both courts. Tritico v. Texas Liquor Control Board, Tex.Sup., 128 S.W.2d 379; Spencer v. Steele, Tex. Civ.App., 132 S.W.2d 146, and authorities.

Appellants resist the motion to dismiss and show that in January, 1940, the Commissioners' Court passed and entered a third order on the subject, apparently identical with the order here in question and subsequently superseded, and appellants invoke a decision upon the merits of the appeal, based on this third order passed and entered in this current month. We have no jurisdiction over that order, however, and cannot take cognizance of it.

The only judgment which this Court can properly render is one vacating the order appealed from and dismissing the cause from both this Court and the trial court, and that will be done, at the cost of appellants. Appellees' motion to dismiss the appeal, being inadequate, will itself be dismissed.

The cause is dismissed.